

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

OCT - 8 1997

DAVID J. MALAND, CLERK
BY
DEPUTY

Judge Brown

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| -vs- | § | No. 4:97CR77 |
| | § | |
| JIMMIE ALAN FOLEY (1), | § | |
| ERIC WADE WOOLSEY (2), and | § | |
| ALLAN DARRELL GUISINGER (3), | § | |
| | § | |
| Defendant | § | |

## INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### Count One

VIOLATION:  21 U.S.C. § 846
(Conspiracy to manufacture and possess
with intent to distribute a controlled
substance)

PENALTY:  Imprisonment of not less than
ten (10) years and not more than life, a fine
of not more than $4,000,000, or both.  A
term of supervised release of at least five
(5) years.  A mandatory special assessment
of $50.

FIRST OFFENSE:  All defendants

That on or about January 1, 1990, and continuing through September 24, 1993, in

Cooke County, Texas, within the Sherman Division of the Eastern District of Texas and

elsewhere, JIMMIE ALAN FOLEY, ERIC WADE WOOLSEY, and ALLAN DARRELL

GUISINGER, did knowingly, intentionally and unlawfully combine, conspire, confederate and

agree with each other and with persons known and unknown to the United States Grand Jury, to knowingly and intentionally manufacture and possess with intent to distribute 1,000 or more marijuana plants, a schedule I controlled substance, in violation of Title 21, United States Code § 841(a)(1), all in violation of Title 21, United States Code § 846.

## Manner and Means

1. It was a part of this conspiracy that one or more of the coconspirators would obtain and acquire locations on which to propagate, grow, cultivate, prepare and process large amounts of marijuana.

2. It was a part of this conspiracy to use the aforementioned locations to propagate, grow, cultivate, prepare and process large amounts of marijuana.

3. It was a primary goal of the conspiracy to sell large amounts of marijuana to coconspirators both known and unknown to the United States Grand Jury for distribution.

4. It was a part of this conspiracy that one or more of these coconspirators would purchase the marijuana with the intent to further distribute the marijuana to individuals known and unknown to the United States Grand Jury.

## Overt Acts

In furtherance of and to affect the objects of the conspiracy, the defendants and coconspirators committed, among others, the following overt acts:

1. On or about January 1, 1990, through December 1, 1990, in Jefferson County, Oklahoma, JIMMIE ALAN FOLEY, ALLAN DARRELL GUISINGER, and ERIC WADE WOOLSEY, defendants herein, did knowingly and intentionally manufacture and possess with the intent to distribute 1,000 or more marijuana plants, a schedule I controlled substance, in violation of Title 21, United States Code § 841(a)(1).

2. On or about April 1, 1991, through December 1, 1991, in Hardeman County, Texas, ERIC WADE WOOLSEY, with others known to the United States Grand Jury, did knowingly and intentionally manufacture and possess with the intent to distribute 100 or more marijuana plants, a schedule I controlled substance, in violation of Title 21, United States Code § 841(a)(1).

3. On or about April 1, 1991, through December 1, 1991, in Cooke County, Texas, JIMMIE ALAN FOLEY and ERIC WADE WOOLSEY, with others known and unknown to the United States Grand Jury, did knowingly and intentionally manufacture and possess with the intent to distribute 100 or more marijuana plants, a schedule I controlled substance, in violation of Title 21, United States Code § 841(a)(1).

4. On or about April 1, 1992, through December 1, 1992, in Jackson County, Oklahoma, ERIC WADE WOOLSEY, with others known and unknown to the United States Grand Jury, did knowingly and intentionally manufacture and possess with the intent to distribute 100 or more marijuana plants, a schedule I controlled substance, in violation of Title 21, United States Code § 841(a)(1).

5. On or about February 1, 1993, through September 24, 1993, in Cooke County, Texas, JIMMIE ALAN FOLEY, with others known and unknown to the United States Grand Jury, did knowingly and intentionally manufacture and possess with the intent to distribute 1,577 marijuana plants, a schedule I controlled substance, in violation of Title 21, United States Code § 841(a)(1).

6. On or about February 1, 1993, through September 24, 1993, in Jefferson County, Oklahoma, JIMMIE ALAN FOLEY, ERIC WADE WOOLSEY, and ALLAN DARRELL GUISINGER, with others known and unknown to the United States Grand Jury, did

knowingly and intentionally manufacture and possess with the intent to distribute 1,477

marijuana plants, a schedule I controlled substance, in violation of Title 21, United States

Code § 841(a)(1).

All in violation of Title 21, United States Code § 846.

Count Two

VIOLATION:  21 U.S.C. § 841(a)(1) and
18 U.S.C. § 2 (Manufacturing and
possessing with intent to distribute a
controlled substance and aiding and
abetting)

PENALTY:  Imprisonment of not less than
ten (10) years and not more than life, a fine
of not more than $4,000,000, or both.  A
term of supervised release of at least five
(5) years.  A mandatory special assessment
of $50.

FIRST OFFENSE

That on or about September 24, 1993, in Cooke County, Texas within the Eastern

District of Texas and elsewhere, JIMMIE ALAN FOLEY, aided and abetted by others, did

manufacture and possess with intent to distribute 1,000 or more marijuana plants, a schedule I

controlled substance, in violation of Title 21, United States Code § 841(a)(1) and Title 18,

United States Code § 2.

## Count Three

VIOLATION: 21 U.S.C. § 843(b) (Use of a communications facility to facilitate a drug crime)

PENALTY: Imprisonment of not less than four (4) years and not more than life, a fine of not more than $30,000, or both. A term of supervised release of one (1) year. A mandatory special assessment of $50.

FIRST OFFENSE

That on or about August 31, 1993, in Denton County, Texas, within the Sherman

Division of the Eastern District of Texas, the defendant JIMMIE ALAN FOLEY did

knowingly and intentionally use a communication facility, namely a telephone, in committing,

and in causing and facilitating, the commission of:

1. a conspiracy to manufacture and possess with the intent to distribute marijuana plants, a schedule I controlled substance, in violation of Title 21, United States Code § 846;

2. manufacturing and possessing with intent to distribute marijuana plants, a schedule I controlled substance, in violation of Title 21, United States Code § 841(a)(1); and,

3. aiding and abetting in violation of Title 18, United States Code § 2,

all in violation of Title 21, United States Code § 843(b).

Count Four

Criminal Forfeiture

In committing one or more of the felony offenses alleged in Count One of the

Indictment, each punishable by imprisonment for more than one year, ERIC WADE

WOOLSEY used or intended to use the below described real property to commit or facilitate

the said controlled substance violations and the below described real property is derived from

proceeds obtained directly or indirectly as a result of the commission of the aforesaid

violations of Title 21, United States Code § 846, including but not limited to the following:

1.  All that lot or parcel of land, together with its buildings, improvements, fixtures,

attachments and easements located in Jackson County, Oklahoma.  Being the same property

more fully described as follows:

> THE SURFACE ONLY of the West Half of the
> Southeast Quarter (W/2 SE/4) and the Southeast
> Quarter of the Southeast Quarter (SE/4 SE/4) of
> Section Four (4) in Township Two (2) South of Range
> Twenty-four (24) West of the Indian Meridian, and all
> of Lot One (1) and that part of Lot Two (2) in Section
> Nine (9) in Township Two (2) South of Range
> Twenty-four (24) West of the Indian Meridian, lying
> West of the Old Greer County Public Road established
> by Virtue of Deed recorded in Book 39 of Deeds at
> Page 488 of Greer County records, said tract being
> described as beginning at the Southwest corner of the
> Southeast Quarter of Section Four (4) in Township
> Two (2) South of Range Twenty-four (24) West of the
> Indian Meridian, thence East a distance of 1333 feet to
> the center of the Old Public Road entering and passing
> through Section Nine (9) in Township Two (2) North
> of Range Twenty-four (24) West of the Indian
> Meridian; thence South in the center of said Old Road
> a distance of 1320 feet; thence South 151 feet to angle
> in the center of said Old Road a distance of 1320 feet;
> thence South 151 feet to angle in said Old Road to the
> right, thence South 32° West 536 feet; thence South

52° West 290 feet to the North bank of Red River;
thence in a Northwesterly direction with the meanders
of said river and along its North bank to the point of
intersection with the Section line between Sections
Four (4) and Nine (9); thence East 383 feet to the
point of beginning, together with all and singular the
hereditaments and appurtenances thereunto belonging.

Said property belonging to ERIC WADE WOOLSEY.

2.  If any of the property described above as being subject to forfeiture, as a result of

any act or omission of ERIC WADE WOOLSEY:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with a
third person;

(c) has been placed beyond the jurisdiction of the
court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which
cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code § 853(p), to seek

forfeiture of any other property of ERIC WADE WOOLSEY up to the value of the above

forfeitable property, including but not limited to all property, both real and personal owned by

ERIC WADE WOOLSEY.

By virtue of the commission of the felony offense charged in count one of this

Indictment by the defendant ERIC WADE WOOLSEY any and all interest said defendant has

in the above-described property is vested in the United States and hereby forfeited to the

United States pursuant to Title 21, United States Code § 853.

A true bill,

GRAND JURY FOREMAN

MIKE BRADFORD
United States Attorney

Clifford Stricklin
Assistant U.S. Attorney

## SPECIAL RULES CONCERNING FINES, RESTITUTION,
## SPECIAL ASSESSMENTS, AND SUPERVISED RELEASE

**FINES (18 U.S.C. §3571):**

A defendant who has been found guilty of an offense may be sentenced to pay a fine. Except as otherwise provided, the authorized fines are:

   1. If the defendant is an individual:

       (a) for a felony, or for a misdemeanor resulting in the loss of human life, not more than $250,000;

       (b) for any other misdemeanor, not more than $100,000.

**RESTITUTION (18 U.S.C. §3663):**

The court may order in addition to or in lieu of any other penalty authorized by law that the defendant make restitution as defined in this section to any victim of the offense.

**SPECIAL ASSESSMENT (18 U.S.C. §3013):**

The court shall assess the amount of $50.00 on any person convicted of a felony offense against the United States (prior to April 24, 1996).

**SUPERVISED RELEASE (18 U.S.C. §3583):**

Except as otherwise provided, the authorized terms of supervised release are--

   (1) for a Class A (life imprisonment or death) or a Class B (25 years or more) felony, not more than 5 years;

   (2) for a Class C (less than 25 years, but 10 or more years) or a Class D (less than 10 years, but 5 or more years) felony, not more than 3 years;

   (3) for a Class E (less than 5 years, but more than 1 year) felony or misdemeanor (other than a petty offense), not more than 1 year.

Title 18 U.S.C. §3559 sets forth the classification of offenses for sentencing purposes.